IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Marcialena Tremble Brown, | ) | C/A No. 1:19-cv-2047-SAL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **OPINION & ORDER** |
| Centerra-Savannah River Site; Jerry Stevenson; Raymond Smith, | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court for review of the January 29, 2020 Report and Recommendation of United States Magistrate Judge Paige J. Gossett (the "Report"), made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) (D.S.C.). For the reasons outlined herein, the court grants the motion for judgment on the pleadings in favor of the Defendants.

## BACKGROUND

This is an employment discrimination case brought by Plaintiff Marcialena Tremble Brown ("Plaintiff")[1] against Defendants Centerra-Savannah River Site, Jerry Stevenson, and Raymond Smith ("Defendants"). [ECF No. 1.] Plaintiff was employed as a security officer at the Centerra-Savannah River Site, and on May 2, 2015, she left her firearm unattended in the restroom. [ECF No. 1-2.] On May 20, 2015, she was terminated. *Id.*; [ECF No. 18-1.] On April 11, 2016, Plaintiff filed a discrimination charge with the Equal Employment Opportunity Commission ("EEOC"). [ECF No. 1-2.] The charge was dismissed as untimely. *Id.* Prior to the dismissal of the first EEOC charge as untimely, Plaintiff learned that another employee of a different race than Plaintiff

---

[1] Plaintiff was pro se when she filed the action, but retained counsel on or about September 10, 2019. [ECF No. 17.]

1

committed the same offense and received a written warning. *Id.* Based on this information, Plaintiff filed a second EEOC charge on December 19, 2018. [ECF No. 18-4.] The EEOC again dismissed the charge as untimely filed. On July 22, 2019, Plaintiff filed the complaint in this matter alleging race discrimination pursuant to Title VII based on the unequal treatment she claims to have learned of in November 2018.

On November 12, 2019, Defendants filed a motion for judgment on the pleadings, arguing the claim was barred by the statute of limitations and the individual defendants are not subject to liability under Title VII. [ECF No. 20.] Plaintiff filed a response in opposition on November 26, 2019, and Defendants filed a reply on December 3, 2019. [ECF Nos. 24, 27.]

On January 30, 2020, the Magistrate Judge issued the Report that is the subject of this order. In the Report, the Magistrate Judge outlines the relevant facts, standard, and applicable law, recommending this court grant judgment on the pleadings in favor of Defendants. [ECF No. 30.] Attached to the Report is the notice of right to file objections. *Id.* On February 12, 2020, Plaintiff filed objections to the Report, and on February 27, 2020, Defendants replied. [ECF Nos. 32, 33.] Accordingly, the matter is ripe for this court's review.

## STANDARDS OF REVIEW

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). In the absence of objections, the court is not required to provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to

accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Ultimately, "a defendant may not prevail on a motion for judgment on the pleadings if there are pleadings that, if proved, would permit recovery for the plaintiff." *BET Plant Servs., Inc. v. W.D. Robinson Elec. Co.,* 941 F. Supp. 54, 55 (D.S.C. 1996).

"[A] Rule 12(c) motion for judgment on the pleadings is decided under the same standard as a motion to dismiss under Rule 12(b) (6)." *Deutsche Bank Nat'l Trust Co. v. IRS,* 361 F. App'x 527, 529 (4th Cir. 2010); *see Burbach Broad. Co. v. Elkins Radio,* 278 F.3d 401, 405 (4th Cir. 2002). Thus, in order to survive a motion for judgment on the pleadings, the complaint must contain sufficient facts "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). In reviewing the complaint, the court accepts all well-pleaded allegations as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. *Venkatraman v. REI Sys., Inc.,* 417 F.3d 418, 420 (4th Cir. 2005). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal,* 556 U.S. 662 (2009).

## DISCUSSION

Plaintiff does not object to the Report's conclusion that the statute of limitations has run on the claim or its conclusion that Title VII does not provide for individual liability as to Jerry Stevenson

and Raymond Smith. Accordingly, this court has reviewed the findings and recommendation on both points for clear error and, finding none, adopts the same. *See Diamond*, 416 F.3d at 315.[2]

Plaintiff's only objection relates to the Report's purported "Reliance on the Plaintiff's first complaint" and the "lack of information regarding her efforts in pursuing her first complaint." [ECF No. 32.] According to Plaintiff, her first EECO complaint is not at issue here" and does not "bar her from equitable tolling for her current claim." *Id.* The court will review this portion of the Report de novo.

A plaintiff wishing to file a Title VII claim must first file a discrimination charge with the EEOC. 42 U.S.C. § 2000e-5(e)(1). The charge must be filed within 300 days of the "the alleged employment practice." *Id.* Here, the dispute is over whether Plaintiff had to file her EEOC charge 300 days after her termination on May 20, 2015, or after her discovery of the alleged unequal treatment on November 1, 2018. For the reasons outlined herein, the court finds that Plaintiff was required to file her EEOC charge within 300 days of her termination on May 20, 2015 and her failure to do so bars her claim.

The Supreme Court has recognized that "the alleged employment practice" is a "discrete act or single 'occurrence,' even when it has a connection to other acts." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 111 (2002). Some "discrete acts such as termination . . . are easy to identify." *Id.* at 114. In this case, the date of Plaintiff's termination is unquestionably the "discrete

---

[2] To the extent Plaintiff attempts to incorporate arguments "outlined in [her] Memorandum of Law in Opposition to Defendant's motion" as objections, the court construes those arguments as general objections. A specific objection "requires more than a reassertion of arguments from the [pleading] or a mere citation to legal authorities." *Sims v. Lewis*, No. 6:17-cv-3344, 2019 WL 1365298, at *2 (D.S.C. Mar. 26, 2019). It must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Thus, "[i]n the absence of *specific* objections . . . this court is not required to give any explanation for adopting the recommendation." *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (4th Cir. 2009).

act" that started the 300-day clock. The 300-day period ran on March 25, 2016. The facts as alleged by Plaintiff evidence that she did not file her first EEOC charge until April 11, 2016, and then waited until December 19, 2018, to file her second charge. As a result, neither the April 11, 2016 charge nor the December 19, 2018 charge were filed within the 300-day period.

Plaintiff does not dispute the fact that neither charge was filed within 300 days of May 20, 2015; instead, she argues that she is entitled to equitable tolling of her claim because she did not learn of the unequal treatment until November 1, 2018. The court disagrees.

"Equitable tolling applies where the defendant has wrongfully deceived or misled the plaintiff in order to conceal the existence of a cause of action." *English v. Pabst Brewing Co.*, 828 F.2d 1047, 1049 (4th Cir. 1987). "To invoke equitable tolling, the plaintiff must therefore show that the defendant attempted to mislead him and that the plaintiff reasonably relied on the misrepresentation by neglecting to file a timely charge." *Id.*; *see also Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) ("Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."); *Miller v. Kramon & Graham, P.A.*, No. , 2016 WL 4379229, at *3 (D. Md. Aug. 16, 2016) ("Thus, to invoke equitable tolling, the plaintiff must show that the defendant deceived or misled her in concealing the existence of a cause of action."). And while courts have recognized that the time period for filing a charge is subject to equitable doctrines like tolling, such doctrines "are to be applied sparingly." *Morgan*, 536 U.S. at 113; *English*, 828 F.2d 1049 (recognizing in ADEA context that "[e]quitable exceptions to the statutory limitations period should be sparingly applied").

The Report found that that "Plaintiff failed to pursue her claim with diligence." [ECF No. 30 at p.5.] In reaching this conclusion, the Report looked to the following facts in the pleadings: (1)

the first charge was filed after the 300-day period expired; (2) EEOC closed the case as untimely; (3) the second charge was filed only after she learned of the comparator's situation. In addition to these facts, the Report also relied on Plaintiff's failure to identify "any facts that would show she diligently pursued her rights before [she learned of the comparator]." *Id*. Plaintiff's objection relates to the Report's reliance on the fact that the first charge was untimely filed. First, the court does not find any error in this regard. There is no dispute that the first charge was filed more than 300 days after Plaintiff was terminated and that fact certainly evidences a failure to pursue a claim with diligence.

Further, in Plaintiff's second charge she notes that she "filed [a] *discrimination* complaint" with the EEOC in April 2016 and that the EEOC "close[d] the case" and did "not give a letter Right to Sue due to stature[sic] of limitation." [ECF No. 1-2 (emphasis added).] Based on the attachments to Plaintiff's own pleading, she believed she had a discrimination case *before* she learned of the other employee's similar situation and alleged different treatment. "A plaintiff's *lack* of knowledge of the discriminatory nature of an employment decision and the reasons for that lack of knowledge are relevant to an analysis of equitable tolling but play no part in determining the beginning of the statutory limitation period." *Felty v. Graves-Humphreys Co.*, 785 F.2d 516, 519 (4th Cir. 1986) (emphasis added). In this case, Plaintiff's own words evidence knowledge of the purported discriminatory employment decision—not a *lack* thereof. As a result, the discovery of the comparator served only to bolster Plaintiff's knowledge, not give rise to a new claim. The fact remains that Plaintiff did not—and still has not—set forth any facts to show that she was diligently pursuing the claim. The Report did not err by relying on the untimely first charge to determine Plaintiff failed to allege diligence in pursuing her claim.

Additionally, having reviewed the pleadings and the materials submitted, the court finds that "Plaintiff has not alleged any facts suggesting that Defendant concealed the existence of a cause of action through deception." *Miller*, 2016 WL 4379229 at *3. As outlined above, Plaintiff believed she had a discrimination claim in April 2016 when she filed the first EEOC charge. To properly assert equitable tolling, Plaintiff must set forth some facts to "suggest" that Defendants concealed that claim, thereby preventing her from timely filing with the EEOC. The allegation that her first EEOC charge "involved her relying heavily on advice from her former union representative and holding multiple telephone conversations with the EEOC in regard to when and how to file her complaint" is unrelated to the required showing of "concealment" or "deception" by Defendants. Without an allegation of concealment or deception, "there is no reason to apply the doctrine of equitable tolling." *Id.*

## CONCLUSION

For the reasons outlined herein, the court adopts the Report, ECF No. 30, and Defendants Centerra-Savannah River Site, Jerry Stevenson, and Raymond Smith's Motion for Judgment on the Pleadings, ECF No. 20, is **GRANTED**.

**IT IS SO ORDERED.**

/s/ Sherri A. Lydon
United States District Judge

May 28, 2020
Florence, South Carolina